LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the reversal of the district court’s holding of infringement in this case. The majority holds that intervening rights apply to claims 12 and 20 because during reexamination the patentee successfully argued for the district court’s claim construction and cancelled other patent claims (claims not asserted in this litigation). It therefore finds that the holding of infringement was incorrect and reverses that holding.
First, the district court did not have before it the results of the reexamination proceeding, which was ongoing during the district court trial. While the majority finds that it is appropriate to consider the reexamination proceeding, I consider it unwise. We should have the benefit of the district court’s view on the effect of the reexamination proceeding rather than review it ourselves in the first instance. Procedurally, the reexamination proceeding could have been appealed here, and our taking into consideration the results of that proceeding, which may not have been final, could have unfairly deprived the patentee of its right to have its infringement proceeding decided separately from a non-final PTO proceeding.
Yet even if it were proper for us to consider the issue in our review of the district court’s decision, I believe that intervening rights should not apply here. Intervening rights under 35 U.S.C. §§ 307(b) and 316(b) apply only to “amended or new claims.” Thus only “amended or new claims” have the effect specified in 35 U.S.C. § 252. Claims 12 and 20 were not new or amended. They are claims from the original patent and their language was not in any way changed. An unchanged original claim should not be considered to be changed for intervening rights purposes based in part on the cancellation during a separate reexamination proceeding of other claims in the patent. The patentee’s arguments and cancellation of six claims requiring an elution test score of 1 or 2 may or may not have affected the scope of claims 12 and 20, both of which require an elution test score of 0, but it did not “amend” the claims or make them “new” claims, and that is what the statutory language requires.
The majority errs by relying on the language of § 252 that claims in a reissue and reexamination patent have the same effect as originally granted claims so as long as they are “substantially identical.” Moving first to this analysis, however, *1097 misses the threshold requirement in §§ 307(b) and 316(b) that intervening rights apply only to amended or new claims.
I therefore conclude that the majority should not have relied on the results of the reexamination proceeding and, even if it were proper for them to do so, the majority should have found that intervening rights did not apply to claims 12 and 20, as they were not “amended or new claims.” Accordingly, I dissent from the reversal of the holding of infringement.